## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DARLENE STERLING, *et al.*, | : | Case No. 1:18-cv-802 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ABUBAKAR ATIQ DURRANI, | : | |
| | : | |
| Defendant. | : | |

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (Doc. 18)

This civil case is before the Court on Defendant Abubakar Atiq Durrani's motion (Doc. 18) to strike the affidavit of Eric Deters (Doc. 17) and the parties' responsive memoranda. (Docs. 20 and 22).

## I.      BACKGROUND

Plaintiff Darlene Sterling is one of the many former surgical patients of Defendant Durrani seeking relief from allegedly unnecessary and fraudulent surgery.  Durrani performed spinal surgery on Sterling in May 2010 at West Chester Hospital. (Doc. 1 at ¶12).  Darlene and Raymond Sterling ("Plaintiffs") now allege Durrani lied about the necessity and outcome of the surgery and injected Darlene Sterling with an off-label morphogenetic bone protein ("BMP-2") during her first surgery. (*Id*. at ¶¶ 13–25). According to Plaintiffs, the BMP-2 caused an increased risk of cancer. (*Id*. at ¶ 15). Following criminal charges, in November 2013, Durrani fled Ohio for Pakistan, where he remains to this day.  *See United States v. Abubakar Atiq Durrani*, Case No. 1:13-cr-84.

Plaintiffs allege claims against Durrani for negligence, battery, lack of informed

consent, intentional infliction of emotional distress, fraud, and spoliation of evidence. (*See* Doc. 1).  Plaintiffs named both Durrani and Durrani's medical practice, the Center for Advanced Spine Technology ("CAST"), as Defendants. (*Id.*).  Defendants moved for judgment on the pleadings, arguing that Ohio's statute of repose, Ohio Rev. Code §2305.113(C), time-bars Plaintiffs' claims.  (Doc. 10).  In its Order dated May 19, 2021, this Court agreed that the claims were time-barred as against CAST. (*See* Doc. 16).  But the Court also found that Durrani's flight, pursuant to Ohio Rev. Code § 2305.15(A), tolled the statute of repose as against Durrani. (*Id.* at 6).  Thus, Plaintiffs' claims against Durrani survived. (*Id.* 16 at 6-7).

Plaintiffs have now filed an affidavit purporting to establish a basis for tolling the statute of repose *prior to* Durrani's November 2013 flight. (Doc. 17).  Defendant Durrani has filed a motion to strike. (Doc. 18).  The affiant in question is Eric Deters. (Doc. 17).  Deters has allegedly examined, as recounted in the affidavit, Dr. Durrani's travel calendar, which was produced by Defendant in discovery. (Doc. 17-1 at ¶1).

## II.    LAW AND ANALYSIS

Another court in this district has examined a similar affidavit in a Durrani case and concluded it ought to be struck. *See Landrum v. Durrani*, No. 1:18-CV-807, 2021 WL 3666286, at *1 (S.D. Ohio July 2, 2021) (Dlott, J.).  This Court follows Judge Dlott's persuasive reasoning. *Id.* at *4-5.  Specifically, the Court finds the affidavit is irrelevant and, even if it were relevant, inadmissible for other reasons.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

2

(b) the fact is of consequence in determining the action." Here, Deters' affidavit fails to allege a fact of consequence.  According to Plaintiffs' allegations, Durrani performed the relevant surgery in May 2010.  Durrani fled in November 2013.  In support of the affidavit, Plaintiffs suggest the statute of repose ought to be tolled—in other words, the clock stopped—*before* November 2013 because Durrani had allegedly left Ohio periodically, starting no later than 2005. (Doc. 17-1).  But, based on this Court's May 19 Order (Doc. 16), Plaintiffs are safely within the four-year period whether the statute-of-repose clock is stopped in November 2013 or earlier.  In this case, an earlier-in-time pause on the statute of repose period serves no purpose.  Accordingly, the facts sworn to in the affidavit are of no consequence to this case.

Even if relevant, Deters' affidavit would still be inadmissible because it lacks a proper evidentiary foundation.  Affiant Deters alleges no personal knowledge of Durrani's travel. Fed. R. Evid. 602.  Instead, Deters simply passes on information learned during discovery. (Doc. 17-1).  Without personal knowledge, Deters could only testify as an expert, under Federal Rule of Evidence 703, or based on another exception to Rule 602's general requirement of personal knowledge.[1]  Deters is clearly not an expert nor is he presenting testimony.  Nor has he asserted another justification to testify without personal knowledge.  Thus, the affidavit is inadmissible.

---

[1] In *Landrum v. Durrani*, the Court analyzed whether the affidavit could have been considered under Federal Rule of Evidence 1006. No. 1:18-CV-807, 2021 WL 3666286, at *4 (S.D. Ohio July 2, 2021).  Rule 1006 allows a witness to summarize records so voluminous they cannot be conveniently examined.  But five criteria serve as pre-requisites to testimony delivered under Rule 1006.  *See* Fed. R. Evid. 1006.  The Court found Deters had not established any of the five criteria. (*Id.* at 5).

Because the affidavit lacks relevance and lacks a basis in personal knowledge, the Court will strike it.

### III.  CONCLUSION

For the foregoing reasons, Defendant Durrani's motion to strike is **GRANTED**. (Doc. 18).  Accordingly, Plaintiffs' Notice of Affidavit and Affidavit are **STRICKEN** (Docs. 17, 17-1), and the Clerk shall so act.

**IT IS SO ORDERED.**

Date:  3/30/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge